# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM S. BAHR,<br>　　　　　Plaintiff<br><br>　　v.<br><br>PENNSYLVANIA DEPARTMENT OF PUBLIC WELFARE, PENNSYLVANIA ATTORNEY GENERAL, PENNSYLVANIA SECRETARY DEPARTMENT OF PUBLIC WELFARE, TIMOTHY PHILMECK, PATRICIA HIDUK, VICTORIA SIDONI, LaMAR KIPP, DAVID VANDERLYKE, FRANK DETRICH, AMANDA WORTHINGTON, CANDICE THURSTON, ANNEMARIE BURKE, KAY GREEN and HARRY DURHAM,<br>　　　　　Defendants | No. 3:05cv2617<br><br>(Judge Munley) |

## MEMORANDUM

Before the court for disposition is the defendants' motion to dismiss the instant employment discrimination complaint.[1]  Also before the court are several miscellaneous motions filed by the plaintiff *pro se.*  These matters are ripe for decision.

**Background**

Defendant Pennsylvania Department of Public Welfare employed plaintiff for over seventeen years as a maintenance worker.  He asserts that between January 2004 through March 2004 he was subjected to

---

[1] Also before the court are three motions for default judgment filed by the plaintiff.  We granted the defendants leave to respond to the complaint by March 31, 2006, and the motion to dismiss was filed on March 31, 2006.  Therefore, the motions for default will be denied.  In addition, plaintiff's motion for enlargement of time to file and serve summons will be denied as moot. Plaintiff also moves for the appointment of counsel. Based on our conclusion, *infra*, with regard to the legal merit of plaintiff's complaint, no basis exists for the appointing counsel.

harassment due to a vocal disability, a hostile work environment due to sexual harassment and psychological torture and terrorization.  He asserts that he was forced to resign for health reasons because of the harassment.

Subsequently, plaintiff filed the instant lawsuit seeking to recover under Title VII of the Civil Rights Act of 1964, ("Title VII"),  42 U.S.C.  § 2000e, *et seq.,* the Americans with Disabilities Act,("ADA"), 42 U.S.C.  § 12101, *et seq.*, the Pennsylvania Human Relations Act, ("PHRA"), 43 PENN. CONS. STAT.  § 951, *et seq.* and the Family and Medical Leave Act ("FMLA") 29 U.S.C.  § 2601 *et seq.*  After the filing of the complaint, the defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), bringing the case to its present posture.

**Jurisdiction**

As this case is brought pursuant to the ADA, FMLA and Title VII, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")  We  have supplemental jurisdiction over the plaintiff's state law PHRA claims pursuant to 28 U.S.C. § 1367.

**Standard of review**

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested.  The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted.  In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

**Discussion**

Defendants assert that all of plaintiff's statutory claims should be dismissed. We will discuss them *in seriatim*.

I. Title VII/PHRA

First, the defendants attack the plaintiff's Title VII sex discrimination cause of action.[2] After a careful review, we find that the plaintiff has not properly alleged a sex discrimination claim.

Title VII provides that:

It shall be an unlawful employment practice for an employer-
(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C.A. § 2000e-2(a).

"A plaintiff who claims that [he] has been sexually harassed has a cause of action under Title VII if the sexual harassment was either a *quid pro quo* arrangement, or if the harassment was so pervasive that it had the effect of creating an intimidating, hostile, or offensive work environment." Andrews v. City of Philadelphia, 895 F.2d 1469, 1482 (3d Cir. 1990). In the instant case, the plaintiff does not assert a "*quid pro quo*" arrangement, but rather a hostile work environment.

The elements that must be pled to establish a sexually hostile work environment include the following:

---

[2] Pennsylvania courts generally interpret the PHRA in accord with its federal counterparts. Consequently, it is proper to treat the plaintiff's PHRA claims as coextensive with his Title VII claims. Kelly v. Drexel University, 94 F.3d 102, 105 (3d Cir. 1996).

1) plaintiff suffered intentional discrimination because of his sex;

2) the discrimination was pervasive and regular

3) the discrimination detrimentally affected him;

4) the discrimination would have detrimentally affected a reasonable person of the same sex in that position; and

5) there exists a basis for respondeat superior liability.

Andrews v. City of Philadelphia, 895 F.2d 1469, 1482 (3d Cir. 1990)

A review of plaintiff's amended complaint reveals that it is deficient in several respects.  As the first element provides, to establish a Title VII case of sex discrimination, the plaintiff must establish that gender is a substantial factor in the discrimination.  Id. at 1485.  In other words, plaintiff must establish that the sexually offensive and hostile comments were made toward him because he is a man.   Nowhere in the instant complaint does the plaintiff indicate that the sexually derogatory comments were made to him because he was a man.  Thus, he has not properly pled a Title VII sex discrimination claim.

Second, plaintiff's complaint does not provide a basis to find that the sexually charged comments were pervasive and regular.  He mentions only five sexually charged comments over a period of several months.[3]   While these comments are in poor taste, inappropriate and unprofessional, they are not sufficient to establish that the alleged discrimination was pervasive and regular.  Other comments plaintiff complains of appear to be hostile, but are not in any way sexual.

For the forgoing reasons, we conclude that plaintiff has not

---

[3]Three of these comments dealt with masturbation, one with sodomy and one dealt with homosexuality.  (Doc. 9, Am. Compl. ¶¶ 2,3,9, 10)

4

sufficiently pled a claim for sex discrimination under Title VII, and we will grant the motion to dismiss this claim.

II.  Americans with Disabilities Act

Defendant also seeks to dismiss plaintiff's cause of action for violation of the ADA, which provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more of the major life activities . . . " 42 U.S.C. § 12102(2).   The Equal Employment Opportunity Commission's regulations define "substantially limits" as:

> (I) Unable to perform a major life activity that the average person in the general population can perform; or
> (ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

29 C.F.R. § 1630.2(j)(1).

The disability that plaintiff alleges is a vocal malady that evidently changes the tone and volume of his voice rendering his voice loud.  We find this change in tone and volume of plaintiff's voice does not make the plaintiff incapable of performing a major life activity that an average person in the population can perform nor does it significantly restrict a major life activity.  Accordingly, plaintiff has not properly alleged an ADA action and

this claim shall be dismissed.

III.  FMLA

The last cause of action asserted by the plaintiff is an FMLA claim. The FMLA provides that "an eligible employee shall be entitled to a total of twelve workweeks of leave during any twelve month period" if the employee suffers from a "serious health condition that makes the employee unable to perform the functions of the position of such employee."  29 U.S.C. § 2612(a)(1)(D).  The FMLA makes it illegal for an employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise, any [FMLA] right." 29 U.S.C. § 2615(a)(1).  "Any violations of the [FMLA] . . . constitute interfering with, restraining, or denying exercise of rights provided by the" FMLA.  29 C.F.R. § 825.220(b).

Plaintiff's complaint is devoid of any allegations that would support an FMLA violation.  He merely states that one of his co-workers "complained to nearby caseworkers that using Family Leave and occasionally coming in late to work, as I was doing to care for my 79 year old Father had to come to an end. 'It's got to stop sometime.'  I reported this to Supervisor . . . but he made not attempt to provide action to the abusive coworker."  (Doc. 9, Am. Compl. ¶ 5). Plaintiff proceeds in the same paragraph to note that this co-worker would also "financially terrorize" him.  (Id.).

The fact that a co-worker complained to another co-worker about plaintiff taking FMLA leave is not a violation of the FMLA.  Plaintiff makes no allegation that the co-worker or the employer interfered with, restrained or denied the exercise of any FMLA right.  Accordingly plaintiff has not properly pled an FMLA violation, the FMLA claim will be dismissed.

**Conclusion**

Plaintiff has failed to allege properly any of the causes of action

asserted in his Amended Complaint. We will, therefore, grant the defendants' motion to dismiss.[4]

---

[4]In certain circumstances it would be appropriate to dismiss the case provisionally and allow the plaintiff to file an amended complaint. <u>Lorenz v. CSX Corp.</u>, 1 F.3d 1406, 1413 (3d Cir. 1993). We do not provide the opportunity to amend, however, where such amendment would be futile. <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1434 (3d Cir. 1997). In the instant case, the facts are such that an amendment would not cure the deficiency. This is not a case of merely failing to plead or omitting a portion of the cause of action; in this case, the scenario provided by the plaintiff does not provide a basis for any of the alleged causes of action.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **WILLIAM S. BAHR,**  Plaintiff    v.  **PENNSYLVANIA DEPARTMENT OF PUBLIC WELFARE, PENNSYLVANIA ATTORNEY GENERAL, PENNSYLVANIA SECRETARY DEPARTMENT OF PUBLIC WELFARE, TIMOTHY PHILMECK, PATRICIA HIDUK, VICTORIA SIDONI, LaMAR KIPP, DAVID VANDERLYKE, FRANK DETRICH, AMANDA WORTHINGTON, CANDICE THURSTON, ANNEMARIE BURKE, KAY GREEN and HARRY DURHAM,**  Defendants | **No. 3:05cv2617**  **(Judge Munley)** |

## ORDER

**AND NOW**, to wit, this 27th day of February 2007, it is hereby ordered as follows:

1) The motions for default (Docs. 20, 21, 29) are **DENIED**;

2) The motion for extension of time to serve summons (Doc. 30) is **DENIED**;

3) The motions for appointment of counsel (Doc. 22 and 28) are **DENIED**;

4) The motion to dismiss (Doc. 26) is **GRANTED**; and

5) The Clerk of Court is directed to close this case.

**BY THE COURT:**

**s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court**